

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-76,891 & AP-76,892

### Ex parte ANDREW KELLY ARGENT

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### FROM LIBERTY COUNTY

*Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Price, Hervey, Cochran, and Alcala JJ., joined. Johnson and Keasler, JJ., concurred. Meyers, J., not participating.*

These applications for habeas corpus relief are before us for a second time.

After receiving faulty advice from his trial counsel, the applicant rejected a plea bargain of eight years' imprisonment for aggravated sexual assault and indecency with a child. Instead, he waived trial by jury, pleaded guilty without an agreement, and received concurrent sentences of twenty years' confinement. Later he filed habeas-corpus applications alleging that constitutionally ineffective assistance of counsel caused him to reject the State's offer.

On the first submission,[1] we held that the standard for determining prejudice in cases of ineffective assistance of counsel during the plea-bargaining process is that established by the Supreme Court of the United States in *Missouri v. Frye*[2] and *Lafler v. Cooper*,[3] rather than a less rigorous standard for prejudice that we set out in *Ex parte Lemke*.[4] Although states may supply more rights and protections to defendants through their own laws than those given by their federal counterparts, states may not interpret the federal Constitution in a way inconsistent with the Supreme Court's interpretation.[5] Our opinion in *Lemke* was our best prediction of how the Supreme Court would rule in such a case. It could not have been based on Texas case law because ineffective assistance of counsel claims raised under the Texas Constitution are not cognizable under article 11.07.[6] Further, in the context of ineffective assistance of counsel claims, our state constitution usually does not supply any more protection than its federal counterpart and may supply less.[7]

We then remanded the applications to the convicting court for findings of fact and conclusions of law — specifically, whether the applicant proved a reasonable probability that: (1)

---

[1] *See Ex parte Argent,* Nos. AP-76,891 & AP-76,892, 2013 LEXIS 532 (Tex. Cr. App. March 20, 2013).

[2] 132 S. Ct. 1399, 182 L.Ed.2d 379 (2012).

[3] 132 S. Ct. 1376, 182 L.Ed.2d 298 (2012).

[4] 13 S.W.3d 791 (Tex. Cr. App. 2000) (Holding that, in the plea-bargaining process, an appellant is prejudiced simply "by the missed opportunity of accepting such bargain and presenting it to the trial court for consideration." No further showing, for instance that the offer would not have been revoked and would have been accepted by the court, is needed) (overruled on other grounds).

[5] *Argent,* 2013 LEXIS 532, at *5; *Danforth v. Minnesota*, 552 U.S. 264, 277 (2008).

[6] *Ex parte Dutchover*, 779 S.W.2d 76, 77 (Tex. Cr. App. 1989).

[7] *Hernandez v. State*, 988 S.W.2d 770, 772-73 (Tex. Cr. App. 1999).

he would have accepted the earlier offer if counsel had not given ineffective assistance, (2) the prosecution would not have withdrawn the offer, and (3) the trial court would not have refused to accept the plea bargain.[8]

The judge of the convicting court found that:

> ...there existed no reasonable probability that Applicant would have accepted the offer of eight (8) years confinement, irrespective of trial counsel's deficient representation, because Applicant's goal was to receive community supervision rather than incarceration.

While this court is not bound by the findings of the habeas court, we should follow them where they are supported by the record.[9] We hold that this finding is supported. During the habeas hearing, the applicant conceded that he was given papers that accurately stated the types of community supervision for which he was eligible. Further, he gave inconsistent statements as to why he wanted probation but not deferred adjudication.

Having found that the applicant would not have accepted the earlier plea bargain even with effective assistance of counsel, we do not need to reach the rest of the findings. Consequently, based upon the trial court's findings and conclusions and our own review of the record, we deny relief on all grounds.

Delivered May 15, 2013.

Do not publish.

---

[8] *Argent,* 2013 LEXIS 532 at *8.

[9] *Lemke,* 13 S.W.3d, at 796 (Tex. Cr. App. 2000).